### 8879.   BANK OF NORWOOD v. RAY et al.

JENKINS, J.   1. The owner and holder of a certificate of stock in a corporation ordinarily has a right to have the stock transferred to his name on the books of the corporation, and the illegal refusal of the

corporation to permit the transfer makes the corporation liable in damages to the owner of the stock for their refusal. *Hilton* v. *Sylvania Railroad Co.*, 8 *Ga. App.* 10 (68 S. E. 746).

2. The measure of damages for the failure and refusal of a corporation, upon proper demand, to make a transfer and issue a new certificate to the purchaser and holder of stock, is the value of the stock at the time of the demand and refusal. *Bank of Culloden* v. *Bank of Forsyth,* 120 *Ga.* 575 (48 S. E. 226, 102 Am. St. R. 115).

3. Such a demand made upon the cashier of a bank, and by him refused under the direction of the president, must be taken as sufficient, especially where the by-laws specifically provide that "Shares of capital stock may be transferred by endorsement of certificate, and it surrendered to the cashier for cancellation; whereupon, a new certificate shall be issued to the transferee." The fact that another by-law provided: "Said bank shall have a lien superior to all other liens upon all stocks in said bank, held or owned by any stockholder for any indebtedness due by said stockholder to the said bank, whether said indebtedness be an original undertaking, or as surety, or an endorser or guarantor, and there shall be no assignment or transfer of said stock in said bank except by the consent of the board of directors," could not be taken as rendering such a demand inadequate, although, according to the by-law, such demand must, at least under certain circumstances, be passed upon and approved by the directors.

4. While knowledge of the existence of a by-law of the bank creating a lien in its favor upon the shares of its capital stock for any indebtedness due it by the owner thereof should be imputed to a stockholder and director taking the same, still, if the bank, through its president and "practically all of the directors," had knowledge of an actual assignment of such stock prior to the creation of the debt in its favor against the original holder, no lien in favor of the bank would attach to such stock as against such prior transferee to secure such subsequently incurred indebtedness.

5. In a suit for damages against a bank for its refusal to transfer certificates of stock, a charge by the court that "plaintiffs would not be estopped from any recovery because the bank may not have had any surplus or undivided profits," and that the question of whether the bank had any surplus or undivided profits would not affect the case except for the purpose of ascertaining the value of the stock, could not, under any view of the law as provided by section 2348 of the Civil Code of 1910, and section 209 of the Penal Code, be held to be reversible error, where the verdict of the jury was such as necessarily to show that its finding, under the evidence, was to the effect that the bank in fact held surplus or profits sufficient to discharge the amount of the judgment without infringing upon the capital stock.

*Judgment affirmed. Wade, C. J., and Luke, J., concur.*

DECIDED JANUARY 22, 1918.

Complaint; from Warren superior court—Judge Walker. May 2, 1917.

*L. D. McGregor,* for plaintiff in error. *M. L. Felts,* contra.