9569.  COMMERCIAL BANK OF ATHENS v. AMERICAN STATE BANK.

The defendant bank was under no duty to transfer to the plaintiff the share of the defendant's capital stock described in the instrument executed by the original owner as security for a debt to the plaintiff, and subsequently purchased by the plaintiff at a sale under that instrument, although the instrument was recorded before the maker became indebted to the defendant bank. In view of the provisions of the stock-certificate and of the by-law set out in the agreed statement of facts, no attempt on the part of the shareholder to transfer the stock would avail as against the corporation so long as he was liable to it for a debt arising before notice to it as to the transfer. And such notice is not conveyed by the recording of such an instrument as the one in question.

DECIDED OCTOBER 16, 1918.

Complaint; from Clarke superior court—Horace M. Holden, judge pro hac vice. January 17, 1918.

In the brief of counsel for the plaintiff it was stated that "the

question presented for determination is whether or not the recording of the instrument given by Shelton to the Commercial Bank of Athens was such notice to the American State Bank as would defeat its charter lien upon the stock." In the agreed statement of facts it is stated that "It is agreed that the charter of American State Bank was obtained from the Secretary of State under act of December 20, 1893, page 78." On that page of the Acts of 1893 is an act to amend the act of 1891 as to banking companies, by providing that certificates of stock "can not be transferred except subject to the lien of the bank so long as the stockholders may be indebted or liable to the company," etc. This act was not codified. It was approved on the date of approval of the act to carry into effect the amendment of the constitution "in relation to chartering of banks, to provide for the incorporation of banking companies by the Secretary of State," etc. Acts of 1893, p. 70; Civil Code (1910), § 2262 et seq. It was contended by counsel for the defendant that shares in a corporation "are not the proper subject of mortgage in this State," and the mere record of a paper purporting to be a mortgage on such shares is not notice; that the instrument in question could not at most be more than an assignment of a chose in action; that a certificate of stock is merely evidence of property, and not property itself; and that it could not be held that the corporation had notice as to the transfer of the stock unless it had actual notice or knowledge.

*Blanton Fortson,* for plaintiff, cited: As to notice: *Peoples Bank* v. *Exchange Bank,* 116 *Ga.* 820, 828; *Bank of Culloden* v. *Bank of Forsyth,* 120 *Ga.* 575. Shares of stock may be mortgaged: Civil Code (1910), § 3256; 11 Corpus Juris, 433, § 43, and cases cited. Notice by record of mortgage: Civil Code, § 3259; *First Nat. Bank* v. *Spicer,* 10 *Ga. App.* 504 (2), 505; *Hirsh* v. *Beverly,* 125 *Ga.* 657.

*Erwin, Rucker & Nix,* for defendant, cited: As to charter lien: Ga. L. 1893, p. 78; *Southern Bkg. &c. Co.* v. *Fidelity Bkg. &c. Co.,* 105 *Ga.* 487. Notice of transfer: Civil Code (1910), § 2219; *Southwestern R. Co.* v. *Thomason,* 40 *Ga.* 411; *Guarantee Co.* v. *East Rome Town Co.,* 96 *Ga.* 513 (2, 3); *Buena Vista Loan &c. Bank* v. *Grier,* 114 *Ga.* 400; *Peoples Bank* v. *Exchange Bank,* supra; Ardmore State Bank *v.* Mason, 39 L. R. A. (N. S.) 292 and notes. Stock-certificates not proper subject of mortgage: *Small* v. *Wilson,* 20 *Ga. App.* 677; Civil Code, § 3256. Equities against

assignor of chose in action: Civil Code, § 3653; *Owens* v. *Atlanta Trust &c. Co.,* 122 *Ga.* 523; 10 Cyc. 630.

LUKE, J. The Commercial Bank of Athens brought suit against the American State Bank to recover the value of a share of stock of the American State Bank and dividends thereon. The trial court determined the case upon the following agreed statement of facts: "W. H. Shelton was the owner of one share of stock in the American State Bank on April 18, 1914. This share of stock was and is worth $143, and is drawing dividends at the rate of 8 per cent. per annum since such date. W. H. Shelton executed an instrument purporting to convey such stock to the Commercial Bank in the manner and on the date as appears from said instrument; and said instrument was recorded on the first day of May, 1914, in the office of the clerk of the superior court of Clarke county, Georgia; the material parts of the same being as follows: 'Georgia, Oglethorpe County. For value received and as additional and collateral security, and to better secure the following described notes, each bearing interest from maturity at the rate of eight per cent. per annum, upon which W. H. Shelton as maker, joint maker, or endorser, or [?] hereby acknowledges himself legally bound to pay, and due to the Citizens Bank & Trust Company, or any overdrafts, or other demands, to wit: [specifying numerous notes], I hereby transfer, sell, and assign to the Citizens Bank & Trust Company the following described properties, to-wit: One certificate #78 of the American State Bank of Athens, Georgia, for one share of the capital stock of said company, of the par value of $100.00 each [and other property]. Now should the said W. H. Shelton well and truly pay the said promissory notes according to the terms, conditions, and stipulations thereof, and all other demands of every kind and description which he may be due, or may become due, to the Citizens Bank & Trust Company, then the Citizens Bank & Trust Company binds and obligates itself to deliver back to the said W. H. Shelton the above described properties. It is agreed and understood by the said W. H. Shelton that should he fail to pay said promissory notes above described promptly upon maturity, and should fail to pay any other demand of any kind and description that he may be due to said Citizens Bank & Trust Company, then the said Citizens Bank & Trust Company shall have the right to sell at public or private sale the said properties above

listed, upon giving to said W. H. Shelton thirty days' notice in writing of the time and place and manner of said sale; and if at such sale the properties above described should bring more than the amount due the said Citizens Bank & Trust Company upon obligation which he may be due, or become due the said Citizens Bank & Trust Company, then and in that event the overplus will be delivered and paid over to the said W. H. Shelton. In witness whereof the said W. H. Shelton has hereto set his hand and affixed his seal, this the 18th day of April A. D., 1914.' Signed and duly attested.

"On May 1st, 1914, W. H. Shelton was not indebted to said American State Bank, nor was he indebted to said bank on April 18, 1914. On May 22d, 1914, W. H. Shelton borrowed over $300 from the said American State Bank on his note endorsed by R. B. Wingate. The Commercial Bank of Athens had no knowledge of this loan to W. H. Shelton until November 21, 1914. The share of stock covered by said instrument and turned over to the Commercial Bank of Athens at the time of the execution of such conveyance bore on its face the following words: 'No transfer of stock will be made without the consent of the board of directors by any stockholder who shall be liable to the bank either as principal debtor or otherwise.' At a regular meeting of the proper officers of the American State Bank on the 4th day of December, 1902, the following by-laws were duly adopted: 'Section 23. Certificates of stock signed by the president and cashier shall be issued to stockholders, and the certificates shall state upon their face that the stock is transferable only on the books of the bank. All shares of stockholders shall be subject to a lien in favor of this bank, superior to all other liens, to secure any loan, overdraft, or other indebtedness due the bank, and no transfer of such shares shall be valid as against the lien hereby created unless by consent of the board of directors. And a statement of the fact that no shares of any shareholder who is indebted to the bank, either as principal or as security, shall be transferred without the consent of the board of directors shall appear in the face of each certificate." The Commercial Bank of Athens had no knowledge of said by-laws as above set forth, prior to the time it asked that said share of stock be transferred to it on the books of said American State Bank on November 21st, 1914.

"Some time in November, 1914, and prior to November 21st, 1914, the Commercial Bank of Athens exercised its right of sale under the terms of the instrument above quoted, and bought said share of stock, all of the conditions as to time and manner of sale being strictly complied with. On November 21, 1914, the Commercial Bank of Athens presented said share of stock to the American State Bank and asked that it be transferred upon the books of said American State Bank to the Commercial Bank of Athens, which request was refused. It is agreed that the Commercial Bank of Athens is the successor of Citizens Bank & Trust Company and entitled to just such rights as was the said Citizens Bank & Trust Company. It is further agreed that at the time American State Bank made its loan to Shelton as stated it had no notice, other than such constructive notice as the recording of the instrument on May 1st, 1914, of the claim of the Citizens Bank & Trust Company against said share of stock might be held to give. The American State Bank has refused to transfer the share of stock from W. H. Shelton to the plaintiff, except upon payment of its debt as aforesaid, and the said American State Bank has kept the dividends arising on said share of stock, as stated, since May 1, 1914. It is agreed that the charter of American State Bank was obtained from the Secretary of State under the act of December 20, 1893, page 78."

Upon this agreed state of facts judgment was rendered in favor of the defendant; to which judgment the plaintiff excepted.

The court did not err in finding against the plaintiff. In view of the provisions of the stock-certificate and of the by-law set out in the agreed statement of facts, no attempt on the part of the shareholder to transfer the stock would avail as against the corporation so long as he was liable to it for a debt arising before notice to it as to the transfer: *Bank of Culloden* v. *Bank of Forsyth*, 120 *Ga.* 575 (1), 577 (48 S. E. 226, 100 Am. St. R. 115); Park's Ann. Code, § 3375. See, in this connection, Stafford *v.* Produce Exchange Bkg. Co., 61 Ohio St. 160 (76 Am. St. R. 371), and citations. And such notice is not conveyed by the recording of such an instrument as the one in question here.

*Judgment affirmed. Wade, C. J., and Jenkins, J., concur.*