### 10396. CITIZENS BANK OF MAXEYS *v.* BANK OF PENFIELD.

1. The owner and holder of a certificate of bank stock has the right to have the stock transferred into his name on the books of the corporation, and the illegal refusal so to transfer (the refusal being treated as a conversion of the stock) makes the corporation liable for resulting damages.
2. Where a certificate makes no reference to the existence of a lien, a transferee of corporate stock is not affected by the terms of a by-law lien of which he has no notice.
3. The statement appearing on the face of a stock-certificate, "transferable only on the books of the corporation in person or by attorney on surrender of this certificate. In accordance with the by-laws of this bank," is insufficient to charge a transferee with notice of what is on the books of the company, or of the existence of a by-law lien, or of the fact of the stockholder's indebtedness.
(a) Neither would notice given at a pledgee's sale cure this want of notice.

DECIDED NOVEMBER 19, 1919.

Complaint; from city court of Lexington—Judge Cloud. February 7, 1919.

*Paul Brown, J. G. Faust,* for plaintiff in error.
*Samuel H. Sibley, J. S. Callaway,* contra.

SMITH, J. As to the demurrers interposed by both parties to this suit, suffice it to say that the rulings thereon contain no reversible error, the controlling question for adjudication being whether or not the agreed statement of facts warranted the trial judge (who tried the case without a jury) in rendering judgment in favor of the plaintiff.

The agreed facts show that on March 5, 1912, L. J. Boswell, who owned five shares of stock in the Citizens Bank of Maxeys, transferred the stock in blank to the Bank of Penfield. The latter bank used the stock as collateral to secure a loan from W. P.

McWhorter.   Boswell was indebted to the Citizens Bank of Maxeys, and the indebtedness was reduced to judgment in 1913. McWhorter and the Bank of Penfield, after the death of Boswell and twelve months after administration, sold as pledgees this stock, the Bank of Penfield becoming the purchaser at the sale. Subsequently to the sale (at which a representative of the Citizens Bank was present and gave notice that it claimed a by-law lien on said stock) the Bank of Penfield presented the stock-certificate and evidence of purchase to the Citizens Bank for transfer, and transfer was refused on account of said by-law lien.   The Bank of Penfield thereupon brought this suit against the Citizens Bank for the value of the stock.

Neither the Bank of Penfield nor McWhorter had any actual notice of the by-law lien, but it is contended that the following language, appearing on each of the five stock certificates, was sufficient to import notice: "This certifies that L. J. Boswell is the owner of one share of the capital stock of Citizens Bank, Maxeys, Ga., transferable only on the books of the corporation in person or by attorney on surrender of this certificate.   In accordance with the by-laws of this bank."

It is admitted by counsel for both parties that the owner and holder of a certificate of bank stock has the right to have the stock transferred into his name on the books of the corporation, and the illegal refusal so to transfer makes the corporation liable for any damages resulting from such wrongful refusal.   See *Bank of Culloden* v. *Forsyth,* 120 *Ga.* 575 (48 S. E. 226, 102 Am. St. R. 115); *Hilton* v. *Sylvania Railroad Co.,* 8 *Ga. App.* 10 (68 S. E. 746); *Bank of Norwood* v. *Ray,* 21 *Ga. App.* 620 (94 S. E. 819). So, also, there is no question between counsel as to the validity of the by-law and the by-law lien (Civil Code, § 3375), but the defendant in error contends that it is a transferee *without notice* of the same.   Neither is there any question between counsel that if the indebtedness of Boswell, the stockholder, existed before the Citizens Bank had notice of any transfer, the lien would be good as against such transferee *with notice.   Peoples Bank of Talbotton* v. *Exchange Bank of Macon,* 116 *Ga.* 820 (43 S. E. 269, 94 Am. St. R. 144); *Commercial Bank* v. *American Bank,* 22 *Ga. App.* 688 (97 S. E. 107).   Likewise, it is admitted by both parties that the transferee of stock of a bank with such a by-law and by-law lien as is relied

upon in this case must have notice thereof before he would be bound thereby. *Bank of Culloden* v. *Bank of Forsyth*, supra. It is obvious therefore that the question of importance in this case is one of *notice*. The plaintiff in error contends that the language appearing in the face of the certificates in question was amply sufficient to put the purchaser on notice as to the by-law lien relied upon. However, the defendant in error denies this. Here, therefore, is the crux of the entire case. Of course, the notice given at the pledgees' sale by the defendant in nowise effects this question. See *American National Bank of Atlanta* v. *East Atlanta Bank*, 147 *Ga.* 750 (95 S. E. 286). Let us, therefore, examine the language appearing on the face of the stock-certificates, the first clause of which is as follows: "This certifies that L. J. Boswell is the owner of one share of the capital stock of the Citizens Bank, Maxeys, Ga." This statement, which is signed by the bank under its seal, when considered alone, merely states to the public that Boswell is the *owner* of one share of stock, the truth of which the bank is of course estopped from denying. Consequently when the transferee received the certificate, it took that which the Citizens Bank recognized as the main muniment of title. This statement is qualified by the words "transferable only on the books of the corporation in person or by attorney on surrender of this certificate." It is well-settled that this language does not import any notice whatever of a by-law lien. "A statement in a stock certificate that the same is 'transferable only on the books of the corporation, in person or by attorney, on surrender of the certificate,' does not charge the transferee with notice of what is on the books of the company, or of the existence of the lien, or of the fact of the stockholder's indebtedness to the company." *Bank of Culloden* v. *Bank of Forsyth*, supra. Generally speaking, all corporations have by-laws requiring the transfer of stock on their books for the purpose of sending notice of meetings, paying dividends, voting, and the like. It has no connection with a by-law lien, and therefore does not suggest one or give notice of one. The case of *Sylvania & Girard R. Co.* v. *Hoge*, 129 *Ga.* 734, 742 (59 S. E. 806), well illustrates the confusion that might arise by not requiring such a transfer as was demanded in this case, on the books of a corporation. We see, therefore, that although by-laws requiring a transfer on the books of a corporation are reasonable and prudent,

lest the corporation come to have two certificates out for the same stock and become involved in liability thereupon, the language, "transferable only on the books of the corporation in person or by attorney on surrender of this certificate," fails altogether to import notice of any by-law lien. We come now to the last words of the language under consideration, to wit: "In accordance with the by-laws of this bank." These words, standing alone, are meaningless (except to direct attention to the fact that the bank has by-laws), and consequently, in order to be intelligently considered, must be viewed in connection with the language that immediately precedes them, which lanuage we have seen fails to make mention of or import the existence of a by-law lien, but merely serves to show how a transfer of stock must be made.

To sum up the whole matter, the language appearing on the face of the certificates in question does not remotely suggest to a purchaser, or in anywise put him on notice, that the absolute ownership of the shares certified to by the corporation is to be limited by a lien thereon. In conclusion, the language of the certificates makes fairly applicable to the defendant bank the principle, "where one of two innocent persons must suffer from the act of a third, he who put it in the power of the third person to inflict the injury must bear the loss." Civil Code, § 4537.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*