31405. TOWNSEND *v.* TATTNALL BANK.

Decided September 21, 1946.

Thomas L. Slappey, M. W. Eason, for plaintiff.

John P. Rabun, J. T. Grice, for defendant.

SUTTON, P. J. (After stating the foregoing facts.) According to the allegations of the petition, the plaintiff was the owner and holder of five shares of the capital stock of the Tattnall Bank, as evidenced by stock certificate No. 134, which was originally issued to J. S. Alexander and which was purchased by and transferred to the plaintiff on December 1, 1942. This stock certificate contained this statement: "Transferrable only on the books of the said Bank, in person or by attorney, on the surrender of this certificate properly endorsed." It appears from the petition that the plaintiff in person and by her attorney presented this stock certificate to the president and cashier of the defendant bank, on December 21, 1942, and demanded a transfer of said stock to her on the books of the bank and also demanded that the bank pay her the dividends on this stock. The defendant refused to transfer said stock on the books of the bank to the plaintiff and refused the plaintiff's demand. Thereafter, on November 17, 1945, the plaintiff filed this suit for damages for the alleged value of said five shares of bank stock and for the dividends and interest thereon.

The trial judge erred in sustaining the defendant's general demurrer to the plaintiff's petition and in dismissing the action. The owner and holder of a certificate of bank stock has the right to have the stock transferred into his or her name on the books of the corporation and the illegal refusal of the corporation, on proper demand, to make such transfer renders the corporation liable in damages to the owner of the stock, and the measure of such damages is the value of the stock at the time of the demand and refusal. *Hilton* v. *Sylvania &c. R. Co.*, 8 *Ga. App.* 10 (68 S. E. 746); *Bank of Norwood* v. *Ray*, 21 *Ga. App.* 620 (94 S. E. 819); *Citizens Bank of Maxeys* v. *Bank of Penfield*, 24 *Ga. App.* 435 (101 S. E. 203); *Bank of Culloden* v. *Bank of Forsyth*, 120 *Ga.* 575 (48 S. E. 226, 102 Am. St. R. 115).

The contention of the defendant that the action was barred by the statute of limitations can not be sustained. The plaintiff's right of action accrued upon the refusal of the officers of the bank

to make the transfer of the stock to the plaintiff on the books of said bank. This refusal to transfer the stock upon proper demand constituted a conversion of the stock by the bank (*Hilton* v. *Sylvania & Girard R. Co.*, supra) ; and the plaintiff had the right under the law to bring her action for damages at any time within four years from that date. Code, § 3-1003. The date of the demand for, and refusal to transfer the stock was December 21, 1942, and the plaintiff's suit was filed on November 17, 1945, which was well within the four-year period provided by law for the filing of such a suit.

Under the allegations of the petition, the plaintiff would also be entitled to recover any dividends that may have accrued on the five shares of bank stock since the date of the demand for the transfer of said stock on the books of the bank, this, so far as the petition shows, being the first notice to the bank that the plaintiff was the owner and holder of said stock.

The contention of the defendant in error, that the conveyance of title for the bank stock as set forth in plaintiff's petition is insufficient as a basis for the present suit so as to authorize a recovery for the plaintiff, is also without merit. This bank stock composed part of the assets of the Toombs County Bank, which had been closed and was in the hands of the Superintendent of Banks, and said bank stock was sold by the Superintendent of Banks, by virtue of an order of the judge of the superior court to H. H. Bell, the description of the property as contained in the conveyance being: "All of the assets of said Toombs County Bank, with the exception of cash on hand in bank, as of this date." And the sale of the same assets was made on the following day, December 1, 1942, by H. H. Bell to Mrs. Hazel Townsend, the plaintiff, and said stock was included in such assets and delivered to the plaintiff, the transfer on the certificate of bank stock being signed in blank by J. S. Alexander, the person to whom it was issued. This description was sufficient under the rulings made in *Bennett* v. *Green*, 156 *Ga.* 572 (119 S. E. 620). It was there said, among other things, that: "A general description of this kind is tantamount to a specific description of each unit composing the whole. So when a grantor conveys all of his property, or all of his property of a particular kind, the description embraces each specific item of the whole or kinds of property conveyed. The

description in this security deed, of 'all the machinery, equipment, stock in trade, and all other assets of the said Chatham Mfg. Co.' embraces all the machinery, equipment, stock in trade, and all other assets of said company, and is sufficient."

The plaintiff's petition set out a cause of action, and the trial judge erred in sustaining the defendant's general demurrer and in dismissing the action.

*Judgment reversed. Felton and Parker, JJ., concur.*