## 31891. TOWNSEND *v.* THE TATTNALL BANK.

DECIDED FEBRUARY 18, 1948.

504

*Thomas L. Slappey, M. W. Eason,* for plaintiff.

*John P. Rabun,* for defendant.

TOWNSEND, J. (After stating the foregoing facts.) The headnotes herein require no elaboration. They state principles of law that appear to us to be amply supported by the authorities therein cited. Upon an application of these principles to the evidence in this case, a verdict for the plaintiff in some amount was demanded. The amount of the verdict would depend upon when the jury found the demand to transfer the stock was made, the value of the stock then and the dividends it has earned since said demand. See *Townsend* v. *Tattnall Bank,* 74 *Ga. App.* 257 (supra).

The record in this case, including the pleadings, the evidence, the amended motion for new trial, and the briefs of counsel representing both sides, raises many questions of law the determination of which is unnecessary to the decision in this case.

The answer of the defendant seeks to invoke the equitable maxim that, since the loss must fall either on the plaintiff or the defendant, it should fall on the plaintiff, as the defendant contends that the plaintiff, by lack of diligence, has brought about the situation resulting in loss to one of them. Section 37-113 of the Code, being a codification of this maxim of equity, is as follows: "When one of two persons must suffer by the act of a third person, he who put it in the power of the third person . . should bear the loss." We are unable to apply this maxim of equity in the instant case. Assuming that the plaintiff and her predecessor in title, the State Superintendent of Banks, showed lack of diligence in the premises, it will be recalled that the defendant issued certificate of stock No. 134 and knew that the same was outstanding when it recognized the certificate of the sheriff and transferred the stock to his vendee. It seems to us that a degree of prudence equal to that expected of the Superintendent of Banks by the defendant

would have required its proper officer, at the time of its recognition of the sheriff's sale, to have inquired, not only into the validity of the sheriff's sale, but also into the whereabouts of original stock certificate No. 134. In this connection, we make reference to the maxim of equity codified in the Code (§ 37-112), as follows: "When both parties are at fault and equally so, equity will not interfere but will leave them where it finds them. The rule is otherwise if the fault of one overbalances, decidedly, that of the other."

Since the case is to be tried again, the assignments of error contained in the amended motion for new trial being based on matters not likely to recur at another trial, rulings thereon are deemed unnecessary. Since a part of the answer required proof of essential allegations of the petition, issuable facts to be tried by a jury were thereby raised, and the judgment of the trial court overruling the motion, in the nature of a general demurrer, to strike the whole of the answer of the defendant is without error.

The verdict for the defendant was not supported by the evidence, and the trial court erred in refusing a new trial based on the general grounds of the plaintiff's motion.

*Judgment reversed. MacIntyre, P. J., and Gardner, J.. concur.*