89   309
103   312

89   309
130   719

Almand & George *v.* Seamans, ordinary, for use.

Where property of the husband is neither embraced in any schedule filed in a suit brought by him for divorce, nor disposed of by the final verdict granting the divorce, a *bona fide* sale and conveyance of the same, made by him after the separation and pending the suit, is not affected by the verdict and judgment thereon allowing to a minor child of the marriage a fixed sum in money per annum as alimony. The restraint on alienation imposed by the statute (Code, §1721) is operative only in so far as it renders the alienation subordinate to any disposition of the specific property which may be made by the jury in the final verdict; and none such having been made in the present case, the restriction does not apply to the property in question. The court erred in charging to the contrary of this doctrine. *Barclay* v. *Waring*, 58 *Ga.* 86; *Burns* v. *Lewis*, 86 *Ga.* 591.                    *Judgment reversed.*
May 16, 1892.

Divorce. Alimony. Verdict. Before Judge Boynton. Rockdale superior court. September term, 1891.

H. D. George, in January, 1886, filed a libel for divorce upon the ground of desertion, alleging that his wife had deserted him in July, 1882, and that they had one child, a girl. There was no schedule of property attached to the libel. In the second verdict the jury granted a total divorce and found that defendant be relieved from her marital disabilities, and that George be required to pay to the ordinary and his successors $25 per year for ten years for the support of the minor child. Upon this verdict a judgment was entered, which, among other things, ordered that George pay the ordinary $25

annually for ten years for the support of the child, directed when the payments should be made, and provided that if he failed and neglected to make such payments they might be enforced by attachment or execution, as the court might order. Execution was issued from this judgment against George, in favor of the ordinary for the use of the minor, and levied upon lot of land number 222 in the 11th district of Rockdale county. A claim was interposed by Almand & George, a firm composed of A. J. Almand and M. M. George. Upon the trial the jury found the north half of the lot subject, and the south half not subject. Claimants' motion for a new trial was overruled, and they excepted. Among the grounds of the motion were, that the court erred in charging: " If H. D. George was married and he and his wife separated, and he was at the time of the separation the owner of the land in controversy, and if a final verdict of divorce was obtained, and the jury, in rendering said verdict, made an allowance or provision for the support of H. D. George's child, and an execution was issued and levied on land owned by him at the time of the separation, to enforce the collection of such support for his child, then the land would be subject, unless it was in good faith sold to pay a debt existing at the time of the separation. Now in order to subject this land to levy and sale under this execution, it must appear from the testimony that H. D. George was married and that he and his wife separated, and that he was the owner of the land in controversy at the time of the separation, and that the jury rendering the final verdict of divorcement made a provision for the support of his child, and that the execution which is now sought to be enforced was issued to collect such a judgment. If these facts appear, gentlemen of the jury, then it would be your duty to find the property subject. If they do not exist it would be your duty to find the property not subject.

" If you should find that the other half of the property was owned by H. D. George at the time when he separated from his wife, and that afterwards a final verdict of divorcement was rendered, in which an allowance was made, set out and declared for the support of his child, and that this execution is levied for the purpose of enforcing the collection of such support for the child, then it would be your duty to find the north half of the property subject; and if these facts do not appear, you will find that half not subject also."

J. N. GLENN and A. C. McCALLA, for plaintiffs in error.

GEORGE W. GLEATON, contra.