WILLIAMS v. WILLIAMS et al.

| 94 | 627 |
| 103 | 313 |

1. A vendee of land being sued for a portion of the purchase-money and never having had possession of the premises, and the same being in possession of the vendor's divorced wife and minor children by virtue of a decree rendered in a divorce case awarding

the property to the children as alimony, and the facts being such as to render the vendee's title doubtful, and he having no express warranty of title on which to repose, and being willing and offering to pay the purchase-money as soon as the cloud upon his title shall be cleared away, may maintain an equitable action to enjoin the suit, settle the doubt as to title and prevent a multiplicity of suits, making as defendants in the equitable action the plaintiff in the pending suit, together with the divorced wife and the minor children. The joining of these parties as defendants was proper, and the petition is not multifarious.

2. The decree in the divorce case having awarded the land specifically to the children as alimony, and not making any money award or specifying any amount allowed or to be allowed as alimony, and neither the purchase-money nor the notes therefor, so far as appears, being included in the schedule of property filed in the divorce suit, no decree in the present case can be made substituting in place of the land, which was not subject to the claim for alimony, the money for which that land had been sold before the separation between the divorced parties took place, although this money being still unpaid can be traced and identified as proceeds of the sale. The decree in the divorce suit can, as a judgment *in rem*, operate only upon property embraced in the schedule or described in the decree itself.

*Judgment reversed as to enjoining the suit upon the purchase-money note, and as to taking charge of and appropriating the fund covered by that note; in other respects, affirmed.*

July 16, 1894.

Equitable petition. Before Judge GAMBLE. Bulloch superior court. October term, 1893.

J. G. Williams brought his petition against D. A. Williams, and against Nicey Williams and her minor children represented by her as guardian *ad litem;* from which the following facts appeared: On February 7, 1887, D. A. Williams was possessed of a tract of land which he conveyed to Sherwood to secure a loan, taking a bond for reconveyance. On July 28, 1890, D. A. Williams sold the land to plaintiff, taking his note for part of the purchase price, and transferring to him the bond for reconveyance, he assuming to repay the loan, which he did, receiving from the lender a quitclaim deed on December 22, 1891. On July 30, 1890, Nicey E. Williams filed her libel for divorce against D. A. Wil-

liams, attaching thereto a sworn schedule of the property owned by him and her, including the land in question, on which the family then resided and of which Nicey E. and her children remained in possession. She obtained two verdicts divorcing her, and on the second verdict at the April term, 1892, the jury found that her minor children were entitled to permanent alimony, and set aside to them the land in question; and they now claim that the title thereto has been vested in them under the verdict and decree. D. A. Williams is insolvent. He has begun suit against plaintiff on the purchase-money note. If said verdict and decree vest the title to·the land in the children, the consideration of the note has failed. If Williams gets judgment against plaintiff and collects it, and plaintiff loses the land, he will be without redress, as he holds no bond for title or warranty from Williams. If plaintiff's title to the land is good and was not divested by the verdict and decree in the divorce case, the purchase-money note stands in equity in lieu thereof, and properly belongs to the minors as alimony, and plaintiff would not be justified in permitting the judgment to go against him thereon, and paying the same to Williams. It is alleged, that the verdict and decree did not divest plaintiff's title to the land, for various reasons specified; that the libel for divorce was collusive, as Williams and wife were then and afterwards living together as husband and wife, and it was instituted and prosecuted to defraud plaintiff out of the land, etc. He prays that Williams be enjoined from further proceeding with the suit on the note; that plaintiff's title be confirmed, and defendants be required to deliver possession to him; that, he being willing and ready to pay the $500 note, the court direct whether he should pay it to Williams or to the children in lieu of the land as alimony; that Williams and the children be required to interplead, etc.

D. A. Williams demurred to the petition on various grounds; and an answer thereto was filed by Nicey E. Williams and her children. On questions submitted to the jury, they found, that Williams and wife were not living separate at the time of the purchase of the land by plaintiff; that the divorce and decree for alimony were not procured by collusion; that Williams did not practice any fraud or deception on plaintiff at the time of the sale of the land to him; and that his purchase of the land was in good faith. Upon this verdict the court decreed, that plaintiff recover the land, and his title thereto be confirmed; that the suit on the purchase-money note be enjoined and dismissed, and D. A. Williams be enjoined from collecting the note; and that plaintiff pay into court the full amount due on the note, which should be received by a trustee named by the court, and be invested in land to be held in trust for the minors during their minority and then to revert to D. A. Williams absolutely, the land so purchased being set apart to the minors as alimony in lieu of the land recovered by plaintiff. To this decree D. A. Williams excepted.

LESTER & RAVENEL, by HARRISON & PEEPLES, for plaintiff in error. HINES, SHUBRICK & FELDER, D. R. GROOVER and J. A. BRANNEN, contra.