## 14933. SOUTHERN TIMBER COMPANY v. BLAND.

1. Land described in a deed of conveyance as being so many acres of a designated tract, viz., 170 acres, originally granted to Mary Price, is capable of definite ascertainment on identifying the 170-acre Mary-Price tract. Where two deeds of conveyance divided lands, and it appears that the Mary-Price tract, conveyed by one of the deeds, abuts on the line between the lands divided, an identification of the Mary-Price tract would establish the dividing line as called for by the deeds.

2. Where it is sought to establish the dividing line between two tracts of land by acquiescence of the adjoining landowners without reference to the line called for in the deeds of division, the line is not established as the dividing line in the absence of acts or declarations by the landowners of both tracts establishing it as the dividing line.

3. In a suit in trover to recover timber cut and carried away by an adjacent landowner from lands described in a timber lease under which the plaintiff claims title, where the plaintiff's title to the timber is dependent upon the falsity of the contention of the defendant that a dividing line between the two tracts of land had been established by acquiescence for a period of more than seven years by former owners of both tracts, the line contended for by the defendant does not appear to have been acquiesced in by the plaintiff, or those under whom the plaintiff claims, and therefore is not established as the true dividing line, where it appears that the line contended for by the defendant, if it had ever been established, ran through woods and was evidenced by indefinite markings, in the absence of any evidence that the plaintiff, or any of those under whom the plaintiff claims title, ever had any actual knowledge of the existence of such line or ever consented to it as the dividing line. Civil Code (1910), §§ 3821, 3822; *Catoosa Springs Co.* v. *Webb*, 123 *Ga.* 33 (50 S. E. 942).

4. Knowledge by the plaintiff that a person claiming turpentine rights under a predecessor in title to the defendant, and also turpentine rights in the land on which the plaintiff claims the timber rights, had "cupped" the timber·up to the dividing line does not amount to acquiescence by the plaintiff in such line as the dividing line between the two tracts. Where, during the existence of the lease by which the plaintiff acquired the timber rights, notice was given to the adjoining landowners under whom the plaintiff claims the timber rights that the defendant would have the property surveyed to determine the dividing line between the tracts, and where the owners notified paid no attention to the notice, this conduct of the owners, even assuming that it could amount to an acquiescence by them in the line run by the defendant when making such survey, could only amount to an acquiescence from the time of the survey in the line surveyed as the dividing line, and could not affect any rights of the plaintiff, under the timber-lease, in the land to which the plaintiff's lessor actually had title at the time of the making of the lease. Besides, such survey was made in the year 1918, and has not been acquiesced in for a period of seven years.

5. A petition in a suit in trover impliedly alleges the plaintiff's damages in the amount of the value of the property sued for. *Pitts & Son Co.* v. *Bank of Shiloh*, 20 *Ga. App.* 143 (2) (92 S. E. 775). A plea deny-

ing generally the allegations of the petition is therefore a denial of the plaintiff's right to recover in the amount sued for, and therefore necessarily presents an issue, not only as to the plaintiff's right to recover, but as to the amount of the plaintiff's damage. Civil Code (1910), § 5636. It follows, therefore, that in a suit in trover to recover for timber cut and carried away by the defendant, evidence tending to prove the amount of the plaintiff's damage, as provided in the Civil Code (1910), § 4515, where the defendant was an unintentional and innocent trespasser and converted the timber bona fide under a claim of title, was properly admitted under the defendant's plea of general denial. The statement in *Milltown Lumber Co.* v. *Carter*, 5 *Ga. App.* 344 (63 S. E. 270), to the effect that such a defense should be specially pleaded, is obiter.

6. This being a suit in trover wherein the plaintiff seeks to recover the value of certain timber alleged to have been cut and carried away by the defendant from land in which the plaintiff owns the timber rights under a lease from the owners of the fee, who hold under a deed made with reference to a certain conveyance under which they claim title, the lands described in which are capable of definite ascertainment, and it not appearing that a proposed land line contended for by the defendant, the establishment of which would defeat plaintiff's title to the timber, had ever been legally established as against the plaintiff's rights, and the plaintiff's title to the timber being therefore established, the evidence did not authorize the verdict found for the defendant. It was therefore error to overrule the plaintiff's motion for a new trial.

DECIDED SEPTEMBER 19, 1924.

Trover; from Liberty superior court—Judge Sheppard. June 30, 1923.

*Oliver & Oliver, S. B. Brewton,* for plaintiff.

*B. A. Way, C. L. Cowart,* for defendant.

STEPHENS, J. The headnotes need no elaboration. The record shows the following: On June 3, 1890, Angus M. Lang, desiring to divide certain property belonging to him, executed two deeds of conveyance, one of which conveyed part of the land to the Daniel children, who were children of a deceased daughter, and the other of which conveyed the other part of the land to Isabella Augusta Rogers, a living daughter. The deed to the Daniel children contained the following description: "All that tract or parcel of land situate, lying and being in the said county of Liberty, State of Georgia, originally granted to Jacob Delk, May 9, 1839, containing one hundred and ninety-five acres, also all that other tract or parcel of land situate, lying and being in said county and State, originally granted to Fleming Terrell, December 28, 1847, and containing one hundred and fifty acres, except one hundred and

thirty-nine acres cut off said original tract for W. G. Sheppard, the part of the tract therein conveyed being 111 acres, together with all the rights and privileges thereunto belonging, forever in fee simple." The deed to Isabella Augusta Rogers contained the following description: "All that tract or parcel of land situate, lying and being in said county of Liberty, State of Georgia, containing four hundred and eighty (480) acres, one hundred and seventy (170) acres of which was originally granted to Mary Price; the rest of said four hundred and eighty (480) acres known as the Sloan survey and Samuel Delk survey, and bounded north by land this day conveyed to Janie, Ann Eliza, Maud and Cleburne Daniel, grandchildren of said Angus M. Lang, south by lands of Capt. E. P. Miller, east by lands of Sam Fraser, and west by lands of Wheeler and J. R. Martin; together with all the rights and privileges thereunto belonging, in fee simple."

Afterwards, on January 25, 1904, the Daniel children conveyed the timber rights in their land for a period of ten years, with the right of renewal for a further period of ten years, to the Hilton & Dodge Lumber Company, describing the lands therein as follows: "two tracts of land—one known as the Shaw tract and the other known as the Delk tract; the two tracts containing three hundred and six . (306) acres, and bounded as follows: north by lands of William Sheppard, east by lands of Millard Rogers and Edmund Daniel, south by lands of J. R. Martin, and west by lands of J. R. Martin."

This timber lease was afterwards renewed to the plaintiff, the Southern Timber Company, who it seems had succeeded to the rights of the Hilton & Dodge Lumber Company. The renewal contracts were dated March 30, 1917, as to three of the Daniel children, and February 3, 1919, as to one of the Daniel children. Both of these renewal contracts, which were executed by all the Daniel children, referred, for a description of the land, to the lease made to the Hilton & Dodge Lumber Company, January 25, 1904. The defendant, J. Morgan Bland, is the successor in title to Isabella Augusta Rogers.

The present litigation arises out of a dispute between the plaintiff, the Southern Timber Company, and the defendant, J. Morgan Bland, over the dividing line between the two tracts of property. The plaintiff is suing the defendant in trover to recover the value

of timber cut by the defendant, which the plaintiff alleges and claims was cut from the land described in the plaintiff's timber lease, to which timber the plaintiff claims title. Recognition of the line claimed by the defendant as having been established by acquiescence for a period of more than seven years by the landowners of both tracts would give to the defendant title to certain of the land comprised within the description of the Daniel deed from Lang, the timber rights to which had been conveyed to the plaintiff. The evidence adduced for the purpose of establishing the line by acquiescence is as indicated in the headnotes.

The verdict found for the defendant was necessarily based upon a finding that the line contended for by the defendant had been established by acquiescence as the dividing line between the two tracts of land. The dividing line between the two tracts as indicated in the descriptions in the deeds from A. M. Lang to the Daniel children and to Rogers is capable of definite ascertainment by identification of the Mary-Price tract. This line the surveyors found by reference to recorded deeds, including the deed to the Mary-Price tract. The evidence as to this is without dispute, and, upon the failure of the evidence to establish the line contended for by the defendant by acquiescence, establishes the line found by the surveyors as the true line, and establishes the plaintiff's title to the timber sued for.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*