1. There is no merit in an oral motion, in the nature of a general demurrer, to strike the whole of the answer of a defendant, if any part thereof raises issuable facts to be tried by a jury. See Hicks v. Hamilton, 3 Ga. App. 112(2) (59 S.E. 331); Tietjen v. Meldrim, 169 Ga. 678(1) (151 S.E. 349).
2. (a) The transfer of the capital stock of a corporation by signing the assignment and delivering the certificate of stock to another as a pledge to secure a debt, passes the title of said stock to the pledgee. See Code § 22-706; Scott v. Flint River Pecan Co., 159 Ga. 668 (2) *Page 501 
(126 S.E. 769); Thompson v. Selcer, 142 Ga. 809
(83 S.E. 965); Sylvania Girard R. Co. v. Hoge, 129 Ga. 734 (2) (59 S.E. 806).
(b) A record of such transfer is not essential on the corporate books as between the parties in order to pass title to the pledgee, although the bylaws provide that the stock certificates shall be transferable only upon the books of the corporation. See Code § 22-706; Bank of Culloden v. Bank of Forsyth, 120 Ga. 575 (4) (48 S.E. 226, 102 Am. St. R. 115); Georgia Casualty Co. v. McRitchie, 45 Ga. App. 697
(1) (166 S.E. 49).
(c) Failure to notify the corporation of the transfer of the stock does not defeat the passing of the title thereto, but the corporation will not be liable for dividends paid on such stock to the person appearing upon its books as the owner, without notice of the transfer. See Peoples Bank of Talbotton v. Exchange Bank of Macon, 116 Ga. 820 (2) (43 S.E. 269, 94 Am. St. R. 144).
(d) The transfer of capital stock of a corporation to a bank by signing in blank, the assignment on the certificate thereof, the execution of a promissory note containing the pledge of the stock for the payment thereof, with power to sell at public or private sale to satisfy the debt, and the delivery of the certificate to the bank, make such stock an asset of the pledgee bank. See Scott v. Flint River Pecan Co.,
supra; Bates-Farley Savings Bank v. Dismukes, 107 Ga. 212
(33 S.E. 175); Bank of Culloden v. Bank of Forsyth,
supra (5).
3. The State Superintendent of Banks has the power to sell and pass the title to the assets of a State bank, under an appropriate order of the superior court, during the process of the liquidation of such bank by him. See Code §§ 13-1603, 13-1604; Gaskins v. Varn, 178 Ga. 502 (1) (173 S.E. 695).
4. A purchaser at a judicial sale gets no better title than the selling authority has the power to convey. Both a sale by the State Superintendent of Banks under an order of the superior court, and a sheriff's sale under a judgment of a court, are judicial sales. Here the sheriff levied upon and sold the stock as the property of J. S. Alexander. The title to said stock was not in him and the purchaser at the sheriff's sale got no title. The State Superintendent of Banks sold the stock as the property of the Toombs County Bank. The title was in it and this purchaser received the title to the stock. See Code, § 39-1303; Marshall v. Armour Fertilizer Works, 24 Ga. App. 402
(100 S.E. 766); Kirkland v. Gaskins, Paulk Co., 20 Ga. App. 235 (97 S.E. 965); Bacon v. Hanesley, 22 Ga. App. 704 (97 S.E. 101).
 DECIDED FEBRUARY 18, 1948.
Hazel Townsend brought an action for damages in the City Court of Reidsville, on November 17, 1945, against The Tattnall Bank. This is the second appearance of the case in this court. It was first here on error assigned on the judgment of the trial court sustaining a general demurrer to the petition, this court holding that the petition set out a cause of action. For a statement *Page 502 
of facts showing the allegations of the petition see Townsend
v. Tattnall Bank, 74 Ga. App. 258 (39 S.E.2d 536). That case was reversed. The defendant interposed its amended plea and answer to the petition, in which it contends substantially as follows: It admitted that when a demand was made on behalf of the plaintiff for transfer of the certificate of stock on the books of the defendant, the same was refused for the reason, it contends, that she did not own the stock. It denied many material allegations of the petition, and for want of sufficient information neither admitted nor denied others, proof of which is essential to the plaintiff's recovery. The defendant contends further: that on or about June 1, 1945, J. V. Kelley presented to the defendant a certificate of purchase from the Sheriff of Tattnall County, showing his purchase of the bank stock in question at a sheriff's sale pursuant to judgment and execution against J. S. Alexander; that at that time the books of the defendant bank showed said stock to belong to J. S. Alexander; that said stock was then transferred on said books to J. V. Kelley; that thereafter, for more than 7 years, J. V. Kelley held the stock without adverse claim; that the bylaws of the defendant bank provide that its stock shall be transferable only upon the books of the bank in person or by attorney; that this was done for Kelley, and that no such transfer on the books was ever made for anyone under whom the plaintiff claims; that the defendant since June 1, 1935, has in good faith paid the stock dividends to Kelley and his executrix; that, by waiting for more than 10 years to assert her claim, the defendant and those under whom she claims, through lack of diligence, brought about the situation which must result in loss to someone; that, since it was the lack of diligence of the plaintiff and those under whom she claims which caused the loss, it should be borne by her.
The case came on for trial and, upon a jury being stricken, counsel for the plaintiff made an oral motion, in the nature of a general demurrer, to strike the answer as amended, on the ground that the same constituted no defense to the action. The court overruled this motion and exceptions were preserved pendente lite.
The evidence, essential and controlling on the issues made by the pleadings, is briefly, as follows: Tending to support the plaintiff's claim, there appears certificate No. 134 of The Tattnall Bank issued to J. S. Alexander for 5 shares of the capital stock *Page 503 
of that bank, dated January 5, 1907 and a blank assignment thereof, signed by J. S. Alexander and undated; a note executed by J. S. Alexander, dated October 21, 1930, in the principal sum of $510.44, due January 15, 1931, payable to The Toombs County Bank, and pledging as security for the payment of the same this capital stock certificate. In case of default in the payment of this note, The Toombs County Bank was authorized to sell the collateral at public or private sale, the proceeds to be applied upon the payment of the note and the surplus, if any, to be paid to the maker, who agreed to make up the deficiency, if any There were also in evidence: the liquidation proceedings of The Toombs County Bank, by which the Superintendent of Banks took charge of its assets on December 20, 1930; the petition to and order of the superior court authorizing the sale of the remaining assets of The Toombs County Bank to H. H. Bell, dated November 24, 1942; bill of sale of The Toombs County Bank, by J. C. Beasley, Superintendent of Banks, conveying the assets of said bank to H. H. Bell, dated November 30, 1942; and bill of sale of H. H. Bell to the plaintiff for said assets.
On the other hand, tending to support the defendant's contentions, the evidence discloses: stock certificate No. 134, hereinbefore referred to, of The Tattnall Bank, issued to J. S. Alexander; fi. fa. against J. S. Alexander and others in favor of the First National Bank of Lyons in the sum of $957.66 principal and $133.10 interest; the return of the sheriff of Tattnall County to the effect that he had levied upon 5 shares of the capital stock of The Tattnall Bank, represented by certificate No. 134, issued by said bank on January 5, 1907, and levied upon as the property of J. S. Alexander; certificate by the sheriff of the sale thereof at sheriff's sale to J. V. Kelley; excerpts from the books of the defendant showing certificate No. 134 for 5 shares to have been issued to J. S. Alexander on January 5, 1907; certificate No. 320 of the defendant, issued to J. V. Kelley, dated June 1, 1935, for 2 1/2 shares of its capital stock; excerpts from the defendant's books, showing this stock in J. V. Kelley from the old stock of J. S. Alexander, dated June 1, 1935, the same receiving that certificate "No. 134 lost and levied upon;" and the charter of the defendant, dated July 6, 1934, reducing its capital stock from $50,000 to $25,000, the effect of which was to reduce the 5 shares represented by certificate No. 134 to 2 1/2 shares. *Page 504 
The jury returned a verdict for the defendant, and the court entered judgment accordingly.
The plaintiff filed a motion for new trial on the general grounds, which was later amended. The court overruled the motion.
Error is assigned on the overruling of the plaintiff's motion, in the nature of a general demurrer, to strike the answer, and on the judgment overruling such motion as amended.
The headnotes herein require no elaboration. They state principles of law that appear to us to be amply supported by the authorities therein cited. Upon an application of these principles to the evidence in this case, a verdict for the plaintiff in some amount was demanded. The amount of the verdict would depend upon when the jury found the demand to transfer the stock was made, the value of the stock then and the dividends it has earned since said demand. See Townsend v. Tattnall Bank, 74 Ga. App. 257
(supra).
The record in this case, including the pleadings, the evidence, the amended motion for new trial, and the briefs of counsel representing both sides, raises many questions of law the determination of which is unnecessary to the decision in this case.
The answer of the defendant seeks to invoke the equitable maxim that, since the loss must fall either on the plaintiff or the defendant, it should fall on the plaintiff, as the defendant contends that the plaintiff, by lack of diligence, has brought about the situation resulting in loss to one of them. Section 37-113 of the Code, being a codification of this maxim of equity, is as follows: "When one of two persons must suffer by the act of a third person, he who put it in the power of the third person . . should bear the loss." We are unable to apply this maxim of equity in the instant case. Assuming that the plaintiff and her predecessor in title, the State Superintendent of Banks, showed lack of diligence in the premises, it will be recalled that the defendant issued certificate of stock No. 134 and knew that the same was outstanding when it recognized the certificate of the sheriff and transferred the stock to his vendee. It seems to us that a degree of prudence equal to that expected of the Superintendent of Banks by the defendant *Page 505 
would have required its proper officer, at the time of its recognition of the sheriff's sale, to have inquired, not only into the validity of the sheriff's sale, but also into the whereabouts of original stock certificate No. 134. In this connection, we make reference to the maxim of equity codified in the Code ( § 37-112), as follows: "When both parties are at fault and equally so, equity will not interfere but will leave them where it finds them. The rule is otherwise if the fault of one overbalances, decidedly, that of the other."
Since the case is to be tried again, the assignments of error contained in the amended motion for new trial being based on matters not likely to recur at another trial, rulings thereon are deemed unnecessary. Since a part of the answer required proof of essential allegations of the petition, issuable facts to be tried by a jury were thereby raised, and the judgment of the trial court overruling the motion, in the nature of a general demurrer, to strike the whole of the answer of the defendant is without error.
The verdict for the defendant was not supported by the evidence, and the trial court erred in refusing a new trial based on the general grounds of the plaintiff's motion.
Judgment reversed. MacIntyre, P. J., and Gardner, J.,concur.