31992.   MADDOX *v.* CARITHERS.

Decided May 22, 1948.   Rehearing denied June 5, 1948.

*Rache Bell, H. M. Henderson,* for plaintiff.

*W. Owen Slate, Charles W. Bergman,* for defendant.

PARKER, J.   We think this case is controlled by principles of law as to the conclusiveness of judgments.   "A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue   .   . in the cause wherein the judgment was rendered, until such judgment shall be reversed or set aside." Code, § 110-501.   "A judgment shall be admissible between. any parties to show the fact of the rendition thereof; between parties and privies it is conclusive as to the matter directly in issue, until reversed or set aside." Code, § 38-623.   When the defendant in this trover suit sued the plaintiff herein for divorce, and she filed her cross-bill claiming title to the automobile here involved, the question of title was adjudicated by a court of competent jurisdiction, without objection by either party, and the judgment awarding the automobile to the wife was affirmed by the Supreme Court.   We think that the judgment rendered in the other case, where the issue as to the title of the automobile was directly made, is conclusive on that question in this case.   The testimony upon the trial of the divorce case shows that both parties thereto

were claiming title to the automobile, and that issue was the only point involved in the appeal to the Supreme Court. When these facts appeared, title and the right of possession were shown to be in the plaintiff, and she was entitled to recover.

The husband could not, as between himself and his wife, sell the automobile during the pendency of the divorce case and thus prevent the wife from recovering the property or its value in this action. If the husband did sell the automobile as contended by him, a contention he did not make on the trial of the divorce case, he did so at his own peril; and such sale was a conversion which made it unnecessary for the plaintiff to show possession by the defendant at the time of the filing of her suit. *Hudson* v. *Gunn*, 20 *Ga. App.* 95 (1b) (92 S. E. 546); *Planters Warehouse* v. *Sims*, 35 *Ga. App.* 212 (2) (132 S. E. 252); *Chambless* v. *Livingston*, 123 *Ga.* 257 (2) (51 S. E. 314).

The court erred in finding in favor of the defendant, and the plaintiff's motion for new trial should have been granted.

*Judgment reversed. Sutton, C. J., and Felton, J., concur.*