38120. BEN HYMAN & COMPANY, INC. *v.* SOLOW *et al.*

TOWNSEND, Judge. 1. "A petition in a suit in trover impliedly alleges the plaintiff's damages in the amount of the value of the property sued for. *Pitts & Son Co.* v. *Bank of Shiloh*, 20 *Ga. App.* 143 (2) (92 S. E. 775). A plea denying generally the allegations of the petition is therefore a denial of the plaintiff's right to recover in the amount sued for, and therefore necessarily presents an issue, not only as to the plaintiff's right to recover, but as to the amount of the plaintiff's damage." _Southern Timber Co._ v. *Bland*, 32 *Ga. App.* 658 (5) (124 S. E. 359).

2. It is error to dismiss the entire answer on general demurrer, thus rendering the case in default as to the defendant, where the answer raises issuable facts to be tried before a jury. *Townsend* v. *Tattnall Bank*, 76 *Ga. App.* 500 (46 S. E. 2d 607).

3. In a trover action where the plaintiff elects a money judgment, and the value of the property in question has not been agreed on between the plaintiff and defendant, and especially

where, as here, the plaintiff also sues for hire, the damages are unliquidated. *Hargroves* v. *Cooke,* 15 *Ga.* 321 (12) ; *Redmond & Co.* v. *Atlanta & Birmingham Air-Line Ry.,* 129 *Ga.* 133, 138 (58 S. E. 874).

4. Where, in an action ex delicto for unliquidated damages, no issuable defense is filed, the plaintiff must introduce evidence and establish the amount of his damages before a jury. Code § 2-3907; Code (Ann.) § 110-401. No question of waiver of a jury trial here, under the rules of the Civil Court of Fulton County where the case was filed, seems to be involved since the record shows that the defendant did in fact make written demand for a jury trial.

5. Prior to 1953, Code § 110-405 provided: "In all cases where the damages are not liquidated and a judgment by default is entered, the plaintiff shall be required to introduce evidence and establish the amount of damages. The defendant may contest the amount of such damages before the jury with a right to move for a new trial in respect to such damages and to except as in other cases." This statute was repealed in 1946, and in 1953 (Ga. L. 1953, Nov. Sess., pp. 440, 451) Code (Ann.) § 110-401 was enacted so as to provide that in actions for unliquidated damages "the plaintiff shall be required to introduce evidence and establish the amount of damages before a jury, with the right to move for a new trial in respect to such damages, and also to except as in other cases." Construction of this statute requires the conclusion that the legislature did not intend to give the right of appeal to the plaintiff only and withhold it from the defendant, but to give to both parties the right to move for a new trial and to except on the issue of the amount of damages. The same construction must be given to the right to introduce evidence as to the amount of damages. If the plaintiff is required to produce such evidence before a jury the defendant impliedly has the right to contest that amount. Such was the procedure under the law as it formerly stood. *Pittman* v. *Colbert,* 120 *Ga.* 341 (1) (47 S. E. 948).

6. The only error insisted on in this bill of exceptions is that the trial court, in striking the answer in its entirety, eliminated from the case the defendant's right to contest the amount of the damages. Error is assigned on the final judgment because of this antecedent error, and no error is assigned on the failure of the court to submit the matter to a jury. It was

error to eliminate from the case the issue as to the amount of damages by striking the answer in its entirety, including the defendant's denial of paragraphs 1 and 3 of the petition relating to the value of the property and the amount of hire. This error was presumptively harmful to the defendant, since the record shows that he was not in fact accorded the opportunity of contesting the amount of his damages before a jury as he would otherwise have done.

The trial court erred in striking the answer in its entirety and thereafter entering up judgment in favor of the plaintiff.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED FEBRUARY 11, 1960—REHEARING DENIED
FEBRUARY 26, 1960.

*Carpenter, Karp & Mathews, A. Tate Conyers,* for plaintiff in error.

*Shoob & McLain, M. H. Shoob,* contra.