39470.   THOMPSON v. REESE.

CARLISLE, Presiding Judge. This was a trover action brought in the "Jack Jones" form by Betty Jean Reese, formerly Betty Jean Thompson, against Jaudon Thompson to recover enumerated items of personal property of the alleged value of $1,050. Defendant filed a defensive pleading, which he denominated a plea in bar, in one paragraph of which he denied the allegations contained "in the subject action in trover." He further alleged therein that the plaintiff and the defendant, formerly husband and wife, were divorced in a prior proceeding and that the plaintiff in that proceeding made no claim to any personal property and that her action in failing to make a claim barred her from this action. The plaintiff filed general and special demurrers to this plea, the

court sustained the demurrers, striking the pleading and the case proceeded to trial as in default. The jury, having returned a verdict for the plaintiff in the amount sued for, with the provision that the judgment entered thereon might be discharged by the delivery of the property, and judgment having been entered thereon, the defendant filed a direct bill of exceptions to this court, assigning error on the final judgment and on the prior ruling striking his defensive pleadings.

1. Properly construed, the particular matter set up in the defensive pleading was a plea of estoppel by judgment. "Where a judgment is pleaded as an estoppel, the burden is upon the party relying upon the estoppel to sustain the plea, by showing that the particular matter in controversy was necessarily or actually determined in the former litigation; and if it appear, from the record introduced in support of the plea, that several issues were involved in such litigation, and the verdict and judgment do not clearly show that this particular issue was then decided, before such plea can be sustained this uncertainty must be removed by extrinsic evidence showing that such matter was then decided in accordance with the contention of the party relying upon the plea." *Draper v. Medlock*, 122 Ga. 234 (1) (50 SE 113, 69 LRA 483, 2 AC 650). The only exhibit attached to the plea in this case was a copy of the judgment and decree entered in the divorce case between the parties on August 31, 1961. This exhibit shows that the only thing adjudicated therein was the dissolution of the marriage contract between the parties and the restoration to the wife of her maiden name. While the plaintiff in the divorce action might have, by proper pleadings and prayers for relief, invoked the judgment of the court as to her rights with respect to the particular property here sued for, the plea filed by the defendant in this case fails to show that this was done, but, on the contrary, shows affirmatively that no such issue was raised in the divorce case. This plea, insofar as it attempted to set up an estoppel by judgment was, therefore, insufficient and the general demurrer thereto was properly sustained.

2. "A petition in a suit in trover impliedly alleges the plaintiff's damages in the amount of the value of the property sued for. *Pitts & Son Co. v. Bank of Shiloh*, 20 Ga. App. 143 (2) (92 SE 775). A plea denying generally the allegations of the

petition is therefore a denial of the plaintiff's right to recover in the amount sued for, and therefore necessarily presents an issue, not only as to the plaintiff's right to recover, but as to the amount of the plaintiff's damage." *Southern Timber Co. v. Bland,* 32 Ga. App. 658 (5) (124 SE 359). The plea in this case, in the first paragraph thereof, generally denied the allegations of the one-paragraph petition, and it, therefore, at least amounted to a denial of the plaintiff's right to recover in the amount therein claimed, and necessarily presented an issue not only as to the plaintiff's right to recover but as to the amount of her damages. "It is error to dismiss the entire answer on general demurrer, thus rendering the case in default as to the defendant, where the answer raises issuable facts to be tried before a jury. *Townsend v. Tattnall Bank,* 76 Ga. App. 500 (46 SE2d 607)." *Ben Hyman & Co. v. Solow,* 101 Ga. App. 249 (2) (113 SE2d 489). Under the foregoing authorities, it was error to strike the entire defensive pleading of the defendant thus rendering the case in default and in thereafter permitting the plaintiff to take a verdict without affording the defendant an opportunity to present his properly pleaded defense. See *Brantley Co. v. Memory,* 208 Ga. 706 (1) (69 SE2d 190).

*Judgment reversed. Eberhardt and Russell, JJ., concur.*

DECIDED APRIL 16, 1962—REHEARING DENIED APRIL 26, 1962.

*Nunn, Aultman, Hulbert & Buice, R. Avon Buice,* for plaintiff in error.
*Joel A. Willis, Jr.,* contra.