39532. BYRD v. BYRD.

RUSSELL, Judge. 1. "The term 'household furniture' covers articles necessary or ornamental to a house in furnishing, equipping, and fitting it for the use of its occupants." *Earle v. Barrett*, 51 Ga. App. 514, 516 (4) (180 SE 855). It includes all personal chattels which may contribute to the use or convenience of the householder or to the ornament of the house (McClellan v. Powell, 109 Ill. App. 222) ; everything in the house which has been usually enjoyed therewith (Chase v. Stockett, 72 Md. 235, 19 A 761, 762) ; articles in the house for the common use of the household (Lamb v. King, 73 NH 400, 62 A 493, 494) ; all movable chattels added to the interior of the house for the enjoyment of the householder. (In re Speyers Will, 35 NYS2d 705, 709). Thus, household furniture, when the use of the term in a legal document such as a will, contract, or divorce decree must be construed and where there is no other extrinsic evidence from which the intention of the parties may be ascertained, means more than furniture located in the house, but on the other hand does not mean every article of personalty therein; it may com-

prise many sorts of articles, but it must have the property of domestic use. For example, a library of books kept for the enjoyment of the members of the household might come under the definition, whereas a library of scientific books collected by the head of the house for his own personal or business purposes would not be so considered.

2. Where the parties to a divorce action fail to schedule or incompletely schedule their property, even though title to the personal property of each might have been adjudicated in the action, the final decree leaves the parties where it finds them, and the separate title of each to his own property is unaffected by the decree. *Thompson v. Reese*, 105 Ga. App. 826 (125 SE2d 726); *Williams v. Williams*, 94 Ga. 627 (20 SE 108); *Barclay v. Waring*, 58 Ga. 86; *Almand v. Seamans*, 89 Ga. 309 (15 SE 320).

3. The parties to the instant trover suit formerly participated in a divorce action in which the wife, plaintiff in that case and defendant here, alleged that "all of the household and kitchen furniture" at a designated address belonged to her. The jury returned a verdict granting her the residence involved as alimony including "all furniture." The divorce decree recited: "It is further decreed that all of the household and kitchen furniture and fixtures be awarded to the plaintiff." The husband brought the present action for listed personal property, including power tools, garden tools, pipes, motor oil and a diamond ring. The trover action fails to show whether the property was located at the residence awarded the wife, or when she acquired it or by what right she claims possession of it. The plea of res judicata filed by the former wife sets up that she claims title to the property by reason of such divorce action and decree and also by prior ownership in herself, and that, as to some of the property listed in the trover suit, defendant took possession of it and removed it from the premises prior to the divorce suit. In support of the plea, however, only the record in the divorce action was introduced; there was no oral testimony, and there was no way for the trial court to determine whether the property listed in the trover suit was in fact property at the residence of the parties at the time of the divorce action, and, if so, whether "it constituted a part of the household effects or was ever used in the household," a requirement for its

consideration as household furniture under *Earle v. Barrett*, 51 Ga. App. 514, supra. Upon another trial of this issue the fact finding body should determine, as to each item sued for, whether or not it is a part of the "household furniture" within the meaning of the term herein set out. As to each item falling within such category the plea of res judicata should be sustained (*Maddox v. Carithers*, 77 Ga. App. 280, 47 SE2d 888); as to others, the issue of title and right of possession would remain for determination as in trover actions generally.

The trial court erred in sustaining the plea of res judicata and dismissing the action.

*Judgment reversed. Carlisle, P. J., and Eberhardt, J., concur.*

DECIDED MAY 18, 1962.

*McFarland & Cooper*, for plaintiff in error.
*Haas, Dunaway, Shelfer & Haas, William S. Shelfer*, contra.