## 43013. CARR v. CAR-PERK SERVICES, INC.

HALL, Judge. The defendant appeals from a judgment granting the plaintiff's motion for summary judgment in an action on a note, on the ground that the evidence submitted showed that the note sued upon was not a valid document and that the holder of the note never intended that the maker should pay it.

The defendant by stipulation admitted the execution of the note but in his answer denied that it evidenced an indebtedness for the purchase of property. He alleged that he did not receive any consideration for the note; that it was agreed by the parties that this was a dummy note executed solely

for the purpose of supporting a bookkeeping entry in the books of the plaintiff corporation and that the defendant was under no obligation to pay it and was not indebted to the plaintiff on account of the transaction. In response to plaintiff's motion for summary judgment the defendant presented evidence to support these allegations.

The plaintiff submitted in support of its motion for summary judgment the charge of the court to the jury in a former suit between the parties arising out of the same transaction, and also testimony given by the defendant in the trial of that case. In that testimony concerning the transaction the plaintiff stated that he had executed a note for $37,500. He stated that he did not remember answering "Yes" to a question asked him on a deposition, "Were you to pay $37,500 for the business?" He testified, "I wouldn't have been concerned about owing $37,500 if I hadn't signed a note."

From the decision of the Supreme Court in the former suit it appears that the plaintiff contended that the corporation's assets were transferred to the defendant in trust with an agreement for reconveyance to the corporation, and the defendant contended that the assets were transferred to him in fee simple. *Car-Perk Services, Inc. v. Carr,* 219 Ga. 322 (132 SE2d 780). The opinion in that case (p. 325) shows that the defendant took the position then, contrary to his defense in the present suit, that the note was in consideration for business assets of the plaintiff corporation: "Carr testified that there was absolutely no agreement that he reconvey the property; that the consideration of the sale to him was his assumption of the debts, agreement to pay them off and the note which he signed."

The evidence presented by the plaintiff on the motion for summary judgment and the opinion and decision of the Supreme Court show that the issue was made and determined in the former action that the note for $37,500 was consideration for the property. Therefore, the defendant is estopped by the judgment in that suit, which was in his favor, to take the contrary position in defense of this suit. Accord *Draper v. Medlock,* 122 Ga. 234, 238 (50 SE 113, 69 LRA 483, 2 AC 650); *Neal Loan &c. Co. v. Chastain,* 121 Ga. 500, 503 (49 SE 618); *Thompson v. Reese,* 105 Ga. App. 826 (125 SE2d 726); *Smith v. Wood,* 115 Ga. App. 265, 267 (154 SE2d 646).

*Judgment affirmed. Felton, C. J., and Eberhardt, J., concur.*
ARGUED SEPTEMBER 5, 1967—DECIDED OCTOBER 4, 1967—
REHEARING DENIED OCTOBER 24, 1967.
Action on note. Fulton Superior Court. Before Judge McKenzie.
*Moreton Rolleston, Jr.,* for appellant.
*Heyman & Sizemore, Joseph Lefkoff,* for appellee.