## 29114. CARR v. FRIER.

UNDERCOFLER, Justice.

Rufus C. Carr, Jr., filed an appeal to this court from a judgment entered in a complaint in which he sought to have his former wife held in contempt of court for denial of his visitation rights. After hearing the evidence, the trial court reserved ruling on the application of citation for contempt and changed the visitation rights of the appellant father. *Held:*

1. The appellant contends that the trial court erred in reserving its ruling on his contempt application until some indefinite future date and in refusing to hold his former wife in contempt of court for the denial of his visitation rights.

It is the duty of the trial court to pass upon the contempt issue made in this case within a reasonable time after all the evidence has been presented. Compare *Burton v. Furcron,* 207 Ga. 637 (63 SE2d 650); *Broome v. Broome,* 212 Ga. 132 (91 SE2d 18); *Connell v. Connell,* 222 Ga. 765 (3) (152 SE2d 567); *Martin v. Hendon,* 224 Ga. 221 (160 SE2d 893). The attempt of the trial court to reserve judgment until some indefinite future time does not alter this duty. *Chumley v. Irwin,* 213 Ga. 537 (100 SE2d 199).

However, the order of the trial court reserving judgment on the contempt issue was impliedly one finding that the former wife was not in contempt of court at that time and it will be treated as a final order by this court. *Tolleson v. People's Sav. Bank,* 85 Ga. 171 (2b) (11 SE 599).

Since the evidence in this case was in conflict regarding the wilful violation of the visitation rights of the appellant, the discretion of the trial court will not be disturbed.

2. The appellant contends that the trial court erred in changing his visitation rights in a contempt proceeding when the pleadings did not seek such change. "It has been repeatedly held that the trial judge has no authority in a contempt proceeding to modify the terms of a divorce and alimony judgment. See *Beach v. Beach,* 224 Ga. 701 (164 SE2d 114) and cases cited therein." *Herrington v. Herrington,* 231 Ga. 177 (200 SE2d 867). It follows that the trial court erred in changing the visitation rights of the appellant.

*Judgment affirmed in part; reversed in part. All the Justices concur.*

Submitted August 16, 1974 — Decided September 17, 1974.

*Kopp, Peavy & Conner, Neal L. Conner, Jr.,* for appellant.

*Preston & Preston, Robert H. Preston,* for appellee.