31999. GRIGGERS v. BRYANT.

BOWLES, Justice.

The parties to this appeal were divorced on October 3, 1975, appellant being awarded custody of their minor child. The final judgment and decree of divorce ordered the appellee to pay $25 per week as child support and granted him various visitation rights. This order, however, merely declared the rights of the parties and did not specifically set out any injunction prohibiting the father from taking possession of the child after it was awarded and placed in the custody of the mother. Several months after the divorce, the appellee obtained custody of the child and stopped all payments of child support. The appellant filed the present suit seeking that appellee be held in contempt for failure to pay the required child support and praying that the court compel the return of the child to its legal custodian. Upon hearing the case, the court denied appellant relief and she now appeals.

1. The appellant enumerates as error the court's failure to find the appellee in contempt of the final judgment and decree of divorce which had granted custody of the child to the appellant. Appellant contends that the appellee should be held in contempt of this decree since he is permanently withholding custody of the child from its rightful custodian under the decree. The final judgment and decree clearly states that the appellant is "granted permanent custody and control of the minor child of the parties." However, that same decree contains no direct order that requires the father to return the child at the end of a visitation period. Applying previous decisions of this court, the superior court found there was no injunction granted, nor any command to perform in the final judgment and decree which prohibited the appellee from taking possession of the child even though the mother had been awarded legal custody.

After thorough consideration of this case we overrule our decisions in *Hammock v. Hammock,* 209 Ga. 751 (76

SE2d 15) (1953) and those cases that have subsequently followed it (*Adams v. Adams,* 221 Ga. 710 (146 SE2d 759) (1966); *Mote v. Mote,* 214 Ga. 134 (103 SE2d 565) (1958)).

In *Hammock v. Hammock,* supra, the parties were granted a divorce. Custody of the three minor children was awarded by the court to the mother. She took them home with her. A few days later her former husband and his brother demanded possession of the children and when the mother refused to comply with their demand, they took the children from her without her consent and over her protest. This court held that since no injunction was granted which prohibited the former husband from depriving the former wife of the custody of the children which had been awarded to her, his act was not one which could be punished by contempt proceedings.

In effect, *Hammock* held that although there was an express command granting legal custody of a child to one parent, the courts of this state were powerless to enforce that command by contempt when the decree contained no express injunction prohibiting the other parent from stealing the child away from the custodial parent against her will.

"An order or judgment which merely declares the rights of the parties without any express command or prohibition is not one which may be the basis of contempt proceedings" for failure to comply therewith. *Hammock v. Hammock,* supra. However, two major exceptions to this rule already exist. Awards of alimony or child support are implicit commands of the court and are enforceable by action for contempt without language in terms of a command, since these are duties in which society has a substantial interest. *Wilson v. Chumney,* 214 Ga. 120 (103 SE2d 552) (1958); *Robbins v. Robbins,* 221 Ga. 627 (146 SE2d 628) (1966); *Shepherd v. Shepherd,* 223 Ga. 609, 611 (157 SE2d 268) (1967); *Dozier v. Dozier,* 229 Ga. 306, 307 (191 SE2d 57) (1972); *McDonald v. McDonald,* 232 Ga. 190, 191 (205 SE2d 850) (1974).

Recently this court in *Matthews v. Matthews,* 238 Ga. 201, 203 (232 SE2d 76) (1977), voiced their concern over the number of cases in which children are illegally seized or illegally detained at the end of visitation periods by their noncustodial parents. In keeping with the spirit of

*Matthews,* we see no reason why alimony or child support awards should be enforced by contempt action where no specific command is included in the decree and child custody should not.

Our decisions in *Hammock, Mote* and *Adams,* have made the courts appear ineffectual and without the power to enforce their own decrees, and therefore we overrule them. The proper administration of justice demands that courts have the power to enforce their orders and decrees by contempt proceedings. Disobedience to the lawful order of a court is an obstruction of justice, and for such a violation the court, in order to compel respect or compliance, may punish for contempt. See Code Ann. §§ 24-104, 24-105. "The power to punish for contempts is inherent in every court of justice. It is absolutely necessary that a court should possess this power in order that it may carry on the administration of justice and preserve order and decorum in the court." *Bradley v. State,* 111 Ga. 168, 170 (36 SE 630) (1900).

With this the trial court's ruling in this regard must be reversed.

2. Appellant next enumerates as error the court's failure to find appellee in contempt of the final judgment and decree of divorce requiring the payment of child support. The basis for a contempt action is a "wilful" refusal to comply with a judgment or order of the court. *Crowder v. Crowder,* 236 Ga. 612 (225 SE2d 16) (1976); *McDonald v. McDonald,* 234 Ga. 37 (214 SE2d 493) (1975); *Crozier v. Crozier,* 231 Ga. 486 (202 SE2d 412) (1973). In reading the transcript of this case, it is clear that there was a conflict as to whether the appellant had voluntarily relinquished custody of the child to the father. After hearing the testimony of both parties to the suit, the court determined that the appellant had failed to carry the burden as to "wilful" failure to comply with the order and that "under the evidence here, [appellee] didn't just flat refuse to pay when she had the child; he quit paying ... after he took possession of the child based on her statement that she didn't want it. I don't think that would show a wilful violation." Where there is a conflict in the evidence regarding the wilful violation of custody, the discretion of the trial court will not be disturbed. *Moore v.*

*Moore,* 235 Ga. 512 (220 SE2d 133) (1975); *Carr v. Friers,* 232 Ga. 760 (208 SE2d 849) (1974); *Berman v. Berman,* 232 Ga. 342 (206 SE2d 447) (1974).

3. Appellant enumerates as error the court's failure to modify the final judgment and decree of divorce. Appellant's enumeration of error is not supported in her brief by citation of authority or argument and therefore under Rule 18(c)(2) of this court, this enumeration of error is deemed to have been abandoned. Code Ann. § 24-4518 (c) (2). Notwithstanding, appellant's contention is without merit. An action for modification of a final judgment and decree of divorce must be brought in the county wherein the defendant resides. *Goodloe v. Goodloe,* 211 Ga. 894 (89 SE2d 654) (1955). At the trial it was conceded that the appellee-defendant resided in Pike County, and it is therefore the superior court of that county, and not the Superior Court of Spalding County, that has jurisdiction to modify the decree.

4. Appellant contends that the court erred in failing to set forth the specific facts of the case and in failing to state separately its conclusion of law. Code Ann. § 81A-152 (a), dealing with judgments rendered by a judge without a jury, requires that ". . . the court shall find the facts *specially* and state *separately* its conclusion of law thereon." (Emphasis supplied.) Upon reading the superior court order it is clear that the judge specially set out his findings of fact and conclusions of law in compliance with Code Ann. § 81A-152 (a), and therefore we find no merit in appellant's contention.

Because of our holding in Division 1, we direct the trial court to redetermine that issue in the case in light of what is said therein, with no punishment of the defendant for his past conduct, but with full authority to punish should he fail to comply with the new order brought about as a result of this decision.

*Judgment reversed in part and affirmed in part. All the Justices concur.*

Submitted February 16, 1977 — Decided June 20, 1977.

*Howard P. Wallace,* for appellant.

*Claude Christopher,* for appellee.

