32321. BUCKLEY v. BUCKLEY.

HALL, Justice.

This is an appeal from a judgment of the Superior Court of Monroe County holding appellant-wife in contempt of the property division portion of the parties'

divorce decree. In pertinent part, the verdict of the jury which was incorporated into the judgment of the court read as follows: "For the plaintiff [wife] ... all furniture ... except what plaintiff desires to give defendant."

When appellee requested that appellant turn over to him various items of personal property not mentioned in the judgment, appellant refused. Appellee brought this contempt action, contending that the judgment should be construed to award to him by implication all property not expressly awarded to appellant, and attached a list of 20 items, later expanded to 39, which he claimed. Appellant contended that the judgment was too vague as to these items to be enforced by contempt, and that the court lacked jurisdiction to modify the decree by adjudicating the ownership of the items claimed. After a hearing, the court awarded a number of items to appellant, and the rest to appellee. Appellant was later found in wilful contempt for her refusal to turn over the items awarded to her former husband.

The central issue in this case is whether the judgment was sufficiently specific for enforcement by contempt as to the items claimed. In *Griggers v. Bryant,* 239 Ga. 244 (236 SE2d 599) (1977) this court ruled that an award of custody was specific enough to be enforced by contempt even though the court did not order the husband to turn over custody. Such awards were found specific enough to apprise the parties of their duties.

But the situation differs materially in this case. The jury verdict awarded appellant the house and furniture therein. The term "furniture" in a divorce decree may be capable of a fairly detailed interpretation. *Byrd v. Byrd,* 106 Ga. App. 89, 90 (126 SE2d 270) (1962). But the judgment finding her in contempt was based on her refusal to turn over other items (e.g., guns and coins) not covered specifically or otherwise in the divorce decree. The trial court erred in going beyond an interpretation of the decree in an action for contempt, and in adjudicating the ownership of non-furniture items not covered by the decree. *Carr v. Frier,* 232 Ga. 760 (208 SE2d 849) (1974); *Ramsey v. Ramsey,* 231 Ga. 334, 338 (201 SE2d 429) (1973); *Fried v. Fried,* 208 Ga. 861 (69 SE2d 862) (1962). Appellee's contention that the decree must necessarily

have meant that he was to receive all items not specifically awarded to appellant is without merit. Where property is incompletely scheduled, for example, the decree does not affect the separate title of each to his own property. *Byrd v. Byrd,* supra. There are methods other than contempt by which the ownership of disputed nonfurniture items may be determined. See, e.g., *Byrd v. Byrd,* supra.

The judgment of the court in the divorce action did not by its terms give anything to husband; it follows that she cannot be in contempt of that judgment for failure to deliver the items claimed. To the extent that appellee in his brief argues that the conduct of appellant's counsel at the hearing amounted to a waiver of any objection to the court's procedure, we cannot agree. Though the later exchanges are somewhat ambiguous, appellant's attorney steadily objected to the plan of the court to add substantially to the provisions of the divorce decree.

*Judgment reversed. All the Justices concur.*

SUBMITTED MAY 20, 1977 — DECIDED
SEPTEMBER 6, 1977.

*Ham, Mills & Freeman, W. Franklin Freeman, Jr.,* for appellant.

*Clarke, Haygood & Lynch, Larry P. Lynch, Charles B. Haygood, Jr.,* for appellee.