## 54384. FLETCHER v. FLETCHER.

SHULMAN, Judge.

This case arose as an aftermath to a divorce action. Plaintiff filed a complaint in trover to recover certain items of personal property. Defendant answered denying that the property belonged to plaintiff and contended further that all of the property rights between the parties had been adjudicated by the divorce decree. That decree awarded a mobile home to plaintiff "...together with all furnishings therein formerly purchased in their joint names, and in which plaintiff resides." Defendant

presented no evidence and at the close of plaintiff's case moved for a directed verdict which the court granted. ·

Plaintiff's testimony was somewhat conflicting, but it did not appear that the items which she contended that she had purchased herself and which are presently the subject of this litigation were scheduled in the divorce case. No testimony was offered by either side as to what items were actually included in the divorce decree as "furnishings."

1. "The direction of a verdict is proper only where there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict. CPA § 50 (a) (Code Ann. § 81A-150 (a))." *Kanellos & Co. v. Kavadas,* 132 Ga. App. 787 (209 SE2d 232).

2. The case of *Byrd v. Byrd,* 106 Ga. App. 89, 90 (126 SE2d 270), defines "household furniture" and then continues on to say, "...Thus, household furniture, when the use of the term in a legal document such as a will, contract, or divorce decree must be construed and where there is no other extrinsic evidence from which the intention of the parties may be ascertained, means more than furniture located in the house, but on the other hand does not mean every article of personalty therein; it may comprise many sorts of articles, but it must have the property of domestic use. For example, a library of books kept for the enjoyment of the members of the household might come under the definition, whereas a library of scientific books collected by the head of the house for his own personal or business purposes would not be so considered...Where the parties to a divorce action fail to schedule or incompletely schedule their property, even though title to the personal property of each might have been adjudicated in the action, the final decree leaves the parties where it finds them, and the separate title of each to his own property is unaffected by the decree. *Thompson v. Reese,* 105 Ga. App. 826 (125 SE2d 726); *Williams v. Williams,* 94 Ga. 627 (20 SE 108); *Barclay v. Waring,* 58 Ga. 86; *Almand v. Seamans,* 89 Ga. 309 (15 SE 320)."

Because the divorce decree did not fully adjudicate the rights of the parties to the personal property involved here, we conclude that the trial court erred in granting the

motion for directed verdict.

*Judgment reversed. Quillian, P. J., and Banke, J., concur.*

SUBMITTED SEPTEMBER 14, 1977 — DECIDED OCTOBER 4, 1977.

*Mills & Chasteen, Ben B. Mills, Jr.,* for appellant.
*Reinhardt, Whitley & Sims, Glenn Whitley,* for appellee.