### 57477. HARRIS v. HARRIS.

DEEN, Chief Judge.

Jack Harris brought this action against his divorced wife Joann M. Harris for a debt of $1,674.65 plus interest, alleging that he had advanced this sum while the parties were married as funeral expenses for defendant's mother in consideration of her promise to repay the amount and that she refused to do so. The defendant pleaded res judicata, contending that Jack Harris had a duty to file any claims he had against his wife in the divorce action, that he failed to do so and that the present action comes too late. The trial court sustained the plea and plaintiff appeals.

The appellee here relies on Code § 110-501 (first appearing in the Code of 1895) providing that a judgment of a court of competent jurisdiction is, as between the parties, conclusive of all matters put in issue. The appellant relies on Code § 81A-113 (a) (b) distinguishing between compulsory and permissive counterclaims. The former must arise "out of the transaction or occurrence that is the subject-matter of the opposing party's claim" whereas the latter may be any claim not arising out of the transaction or occurrence which one party has against the other. The words "arising out of" suggest a causal connection between the transaction and the injury suffered. *Wood v. Aetna Cas. & Sur. Co.,* 116 Ga. App. 284, 290 (157 SE2d 60) (1947). If the marriage were the *cause* of the loss, the loss might be said to arise out of the marriage, but not otherwise. Or, if the issue had been in fact litigated (as in *Prince v. Prince,* 147 Ga. App. 686 (250 SE2d 21) (1978)), where a settlement agreement as to all matters of division of property necessarily included a joint

household bank account) it could not be raised in subsequent litigation.

Neither situation obtains here. The pleadings in the divorce case, which are attached to the answer, show no property schedule, no settlement between the parties, and no allegation or prayers for relief relating to this alleged debt, nor is the debt mentioned in the divorce decree. A husband and wife may contract with each other while married, and may even litigate with each other where the cause of action involves a property right. It is thus obvious that the advance here was not necessary to be litigated in the divorce action, nor does it appear that it was in fact litigated. " 'Where the parties to a divorce action fail to schedule or incompletely schedule their property, even though title to the personal property of each might have been adjudicated in the action, the final decree leaves the parties where it finds them, and the separate title of each to his own property is unaffected by the decree.' *Byrd v. Byrd,* 106 Ga. App. 89 (2) (126 SE2d 270). *The same rule is applied to indebtednesses existing between them.* Where there is no reference in the decree to the indebtedness and there is no provision that the decree shall operate as a settlement of their obligations, each to the other, there is no settlement of the indebtedness by virtue of the decree and the parties are left where the court found them." (Emphasis supplied.) *Sparks v. Sparks,* 127 Ga. App. 657 (2) (194 SE2d 621) (1972). See also *Fletcher v. Fletcher,* 143 Ga. App. 404 (2) (238 SE2d 753) (1977); *Lee v. Lee,* 148 Ga. App. 321 (251 SE2d 171) (1978).

The indebtedness between the parties here alleged was not an injury resulting from the marriage in the sense that it would have to have been urged as a compulsory counterclaim in the divorce action, nor is there any evidence that it was in fact litigated there. It follows that the trial court erred in sustaining the plea of res judicata.

*Judgment reversed. McMurray, P. J., and Shulman, J., concur.*

Submitted March 8, 1979 — Decided April 13, 1979 — Rehearing denied May 8, 1979.

*Clarence L. Leathers, Jr., J. W. Claxton,* for appellant.
*Ferguson & Todd, Monroe Ferguson,* for appellee.