S10A0636. WOODS v. BRADFORD.
(703 SE2d 319)

HINES, Justice.

In this contempt case, the trial court ruled that a final judgment and decree of divorce did not include a directive to pay certain child support obligations, and the court consequently denied the petition for a citation of contempt. This Court granted an application for

discretionary appeal, and we now reverse the trial court's order.

Jean Woods ("Woods") and Bryan Bradford ("Bradford") were married in 1983 and divorced in 1992; Woods was awarded custody of the couple's two minor children. In 2001, the elder child, Matthew Bradford ("Matthew") went to live with his father; Alicia Bradford ("Alicia") continued to live with Woods. The parties consented to the entry of a modified custody order establishing, among other things, child support obligations. It stated: "The parties agree that [Bradford's] child support obligation for [Alicia] is $640.87 per month," and that "[Woods's] child support obligation for [Matthew] is $728.00 per month . . . ." The order further provided, in relevant part:

> Since each party has custody of one minor child and in lieu of exchange [sic] the support checks in the amount set out above in the mail the amount that [Woods] shall pay to [Bradford] [sic] the sum of Seventy-five Dollars ($75.00) per month, representing the difference in the support obligations of each party to the other. Said payment shall . . . continue . . . until such time as the minor child, [Matthew] shall attain the age of eighteen (18) years . . . . The Court finds that a special circumstance exists in this case in that [Bradford] and [Woods] shall have each have [sic] physical custody of one minor child. . . . Having stipulated that a special circumstance exist [sic] in this case, the child support which [Woods] shall pay to [Bradford] is Seventy-five Dollars ($75.00) per month, representing the difference in the support obligations of each party to the other, as provided herein.

Woods paid Bradford $75 a month until Matthew reached majority, then ceased. Thereafter, Bradford did not pay any child support to Woods for Alicia, although Alicia was, at that time, still a minor residing full-time with Woods. After Alicia reached majority, Woods filed a Petition for Contempt, on January 27, 2009, alleging that Bradford was obligated to pay $640.87 monthly in support of Alicia after Matthew reached majority and that the amount in arrears on that obligation was $14,740.01. A hearing was held on October 1, 2009, and the court denied Woods's contempt petition, ruling that the only command stated in definite terms in the 2001 order was that Woods pay $75 child support to Bradford each month until Matthew reached age 18. See *Hall v. Nelson*, 282 Ga. 441, 444 (3) (651 SE2d 72) (2007).

> "An order or judgment which merely declares the rights of the parties without any express command or prohibition is not one which may be the basis of contempt

proceedings" for failure to comply therewith. [Cit.] However, two major exceptions to this rule already exist. Awards of alimony or child support are implicit commands of the court and are enforceable by action for contempt without language in terms of a command, since these are duties in which society has a substantial interest. [Cits.]

*Griggers v. Bryant*, 239 Ga. 244, 245 (236 SE2d 599) (1977). The 2001 order specifically set Bradford's child support obligation for Alicia at $640.87.

The command in the 2001 order that Woods pay $75 per month until Matthew reached the age of 18 was clearly a practical accommodation "in lieu of exchang[ing] the support checks . . . in the mail," as the $75 "represent[ed] the difference in the support obligations of each party to the other." The order embraced separate child support obligations and did not provide for any termination of Bradford's obligation to Woods prior to the time at which Alicia reached the age of 18.

The trial court's order is reversed and the case remanded for proceedings consistent with this opinion. This disposition renders moot Woods's remaining enumeration of error.

*Judgment reversed and case remanded with direction. All the Justices concur.*

DECIDED NOVEMBER 8, 2010.

*Plumley & Bucci, Chadwick D. Plumley*, for appellant.
*Donald R. Donovan*, for appellee.